**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| FORREST PITTMAN JR., <br><br> Plaintiff, <br><br> v. <br><br> ROYAL I. HANSEN, <br><br> Defendant. | Case No. 2:07-CV-797 TC <br><br> **ORDER & MEMORANDUM DECISION** <br><br> Chief Judge Tena Campbell |

Plaintiff, Forrest Pittman Jr., filed this *pro se* civil rights suit.[1] Acting sua sponte, this Court dismisses his complaint.

> Dismissals under Rule 12(b)(6) typically follow a motion to dismiss, which gives the plaintiff notice and an opportunity to amend his complaint. But in this circuit, "sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). A *sua sponte* dismissal under Rule 12(b)(6) is not reversible error when: (1) it is "patently obvious that the plaintiff could not prevail on the facts alleged"; and (2) "allowing [the plaintiff] an opportunity to amend his complaint would be futile." *McKinney v. State of Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)

---

[1]*See* 42 U.S.C.S. § 1983 (2009).

>     (quotation omitted); *see also Andrews v.
>     Heaton*, 483 F.3d 1070, 1074 n. 2 (10th Cir.
>     2007).[2]

This is just such a case.  Plaintiff asserts Paul Pantone gave him power of attorney to handle certain of Pantone's affairs--i.e., germane to this case, authority to hire counsel to represent Pantone.  However, he maintains that, in Pantone's state court proceedings, Judge Hansen did not allow the counsel Plaintiff had chosen for Pantone to represent Pantone.  On this basis, Plaintiff claims that Judge Hansen violated Plaintiff's civil rights.  He requests monetary and injunctive relief.

It is well settled, though, that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims."[3]  Regarding the claims at issue here, Judge Hansen was acting in his judicial capacity in presiding over the case, so his actions are entitled to absolute immunity.[4]  In this civil rights case, then, Plaintiff is not entitled to the relief he requests.  And, neither liberal

---

[2]*Raiser v. Kono*, No. 06-4243, 2007 WL 1936417, at *1 (10th Cir. July 5, 2007) (unpublished).

[3]*Segler v. Flefam Ltd. Partnership*, No. 08-1466, 2009 WL 1303158, at *1 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

[4]*See Doran v. Sanchez*, No. 08-2042, 2008 WL 3851843, at *1 (10th Cir. Aug. 19, 2008) (unpublished).

interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that all active motions in this case are **DENIED** as moot.[5]

DATED this 11th day of August, 2009.

BY THE COURT:

*Tena Campbell*

CHIEF JUDGE TENA CAMPBELL
United States District Court

---

[5] File Entry #s 6, 10, & 15.